JOHN W. HUBER, United States Attorney (#7226)
ARTHUR J. EWENCZYK, Special Assistant United States Attorney (NY #5263785)
LESLIE A. GOEMAAT, Special Assistant United States Attorney (MA #676695)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH #0062368)
JOHN E. SULLIVAN, Senior Litigation Counsel, Tax Division (WI #1018849)
Attorneys for the United States of America
111 South Main Street, #1800
Salt Lake City, Utah 84111
Telephone:  (801) 524-5682
Email: arthur.j.ewenczyk@usdoj.gov
        leslie.a.goemaat@usdoj.gov
        richard.m.rolwing@usdoj.gov
        john.e.sullivan@usdoj.gov

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 18-CR-365-JNP-BCW |
| Plaintiff, | : | |
| v. | : | NOTICE OF POTENTIAL CONFLICTS OF INTEREST |
| JACOB ORTELL KINGSTON, | : | District Judge Jill N. Parrish |
| ISAIAH ELDEN KINGSTON, and | | Magistrate Judge Brooke C. Wells |
| LEV ASLAN DERMEN, | : | |
| a/k/a Levon Termendzhyan, | | |
| RACHEL ANN KINGSTON | : | |
| SALLY LOUISE KINGSTON | | |
| Defendants. | | |

## NOTICE OF POTENTIAL CONFLICTS REGARDING DEFENSE COUNSEL

The United States hereby notifies the Court of the following potential conflicts regarding

defense counsel for Defendant Sally Kingston. The United States respectfully requests that the

Court inquire into these potential conflicts on the record, either in open court or *in camera*.

I.      <u>Government has a Duty to Notify Court of Potential Conflicts of Interest</u>

Defendants enjoy a right to both counsel of their choice and to the effective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 686 (1984). Accordingly, they enjoy the "correlative right to representation that is free from conflicts of interest." *Wood v. Georgia,* 450 U.S. 261, 271 (1981).

The government is charged with the "*duty* to bring . . . to the court's attention [any conflict of interest it becomes aware of] and, if warranted, move for disqualification" of the defendant's counsel. *United States v. Migliaccio,* 34 F.3d 1517, 1528 (10th Cir.1994) (emphasis added); *see also United States v. Tatum,* 943 F.2d 370, 379–80 (4th Cir.1991). The prosecution's duty to alert the court to potential conflicts of interest is rooted not only in the defendant's right to effective and conflict-free representation but also in the prosecutor's role as "an administrator of justice, an advocate, and an officer of the court." ABA Standards for Criminal Justice 3–1.2(b) (3d ed.1993). As the Supreme Court has explained, "[t]he United States Attorney is the representative . . . of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); *see also* ABA Standards for Criminal Justice 3–1.2(c) ("The duty of the prosecutor is to seek justice, not merely to convict.").

The prosecution's duty to disclose defense counsel's potential or actual conflicts of interest facilitates the administration of justice by helping to avoid lengthy delays or retrials that could occur when conflicts render defense counsel's representation ineffective. *United States v. McKeighan,* 685 F.3d 956, 966 (10th Cir. 2012) (emphasis added); *United States v. Schneider*, 704 F.3d 1287, 1293 (10th Cir. 2013); s*ee also United States v. Malpiedi,* 62 F.3d 465, 470 & n.

3 (2d Cir.1995); *Mannhalt v. Reed,* 847 F.2d 576, 583–84 (9th Cir. 1988); *United States v. Iorizzo,* 786 F.2d 52, 54, 59 (2d Cir. 1986).

     II.     <u>Counsel for Sally Kingston May Have Potential Conflicts based on Relationships with Several of Government's Case Agents</u>

Counsel for Defendant Sally Kingston, Mr. Loren Washburn, is the brother of one of the case agents assigned to this matter. Further, Mr. Washburn, who is a former federal prosecutor with both the Department of Justice's Tax Division and the Office of the United States Attorney for the District of Utah, has relationships with two additional case agents assigned to this matter. First, Mr. Washburn co-owns a leisure boat with one case agent. Second, Mr. Washburn donates annually to the mountain bike club of the daughter of another case agent.

All three agents are assigned to this matter. Although the government has not yet made a final determination, it is possible that any of the three case agents with whom Mr. Washburn has a relationship could be called as witnesses at trial. In fact, one of the case agents, Special Agent Wade Berrett, testified at the detention hearings for defendant Isaiah Kingston. The government understands that Mr. Washburn has discussed these potential conflicts with his client. The United State respectfully requests that the Court inquire as to these potential conflicts. *E.g.*, *United States v. Penn*, 151 F. Supp. 2d 1322, 1324 (D. Utah 2001) (*Holloway* . . . support[s] the proposition that when an issue of conflict is raised, even if by the prosecution, the court should make an inquiry.") (citing *Holloway v. Arkansas,* 435 U.S. 475 (1978)).

The United States is particularly concerned about the possibility that Mr. Washburn may have to cross-examine any of these three case agents, including his brother. In certain circumstances, courts have required that an attorney not cross-examine certain witnesses and instead have co-counsel handle the cross-examination. *See*, *e.g.,* United *States v. Lustyik*, No. 2:12-CR-645, 2012 WL 6574425, at *13 (D. Utah Dec. 17, 2012) (holding that "[c]o-counsel for

Mr. Brooks and Mr. Mansolillo must examine witnesses whom Mr. Brooks and Mr. Mansolillo are barred from questioning."); *United States v. Stein*, 410 F. Supp. 2d 316, 328 (S.D.N.Y. 2006) (holding counsel was barred from cross-examining certain witnesses and from discussing those witnesses with "any independent attorneys hired to cross-examine them on [the defendant-client's] behalf."); *cf. Rodriguez v. Chandler*, 382 F.3d 670 (7th Cir. 2004) (noting that the concern that an attorney might "treat [the detective-witness] with kid gloves during cross-examination" where the detective-witness was the attorney's client in an unrelated matter could have been addressed by having co-counsel cross-examine the detective-witness). At this time, Mr. Washburn is the only attorney to have entered an appearance on behalf of defendant Sally Kingston. Accordingly, the United States respectfully requests that the Court inquire into this potential conflict and determine, where necessary, (1) whether a conflict exists, (2) whether the conflict is waivable, (3) whether defendant Sally Kingston has made a knowing and intelligent waiver, and (4) whether any protective measures should be taken.

Respectfully submitted this 19th day of February, 2019.

JOHN W. HUBER
United States Attorney

*/s/ Richard M. Rolwing*
ARTHUR J. EWENCZYK
LESLIE A. GOEMAAT
RICHARD M. ROLWING
Special Assistant United States Attorneys
JOHN E. SULLIVAN
Senior Litigation Counsel

Certificate of Service

I certify that on the 19th day of February 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF electronic filing system, which will send notice of electronic filing to counsel of record in this case.

*/s/ Richard M. Rolwing*

RICHARD M. ROLWING
Special Assistant United States Attorney